THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MIGUEL GIMÉNEZ MUÑOZ, ·JUDGE, Respondent; MIRIAM RIVERA VÁZQUEZ, Intervener.

No. O-70-2.    Decided September 8, 1971.

Gilberto Gierbolini, Solicitor General, and Dolores Ruiz Zambrana, Assistant Solicitor General, for petitioner. Elizabeth Armstrong Watlington for intervener.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

An undercover agent swore to a complaint against Miriam Rivera Vázquez for violations of the Narcotics Act of Puerto Rico, committed on September 19, 1968. A judge of the Court of Investigations determined probable cause against the accused and ordered her arrest through an order issued on January 15, 1969. Said order was executed that same day in an apartment of the Nemesio R. Canales public housing project where the executing agents there and then seized the criminal material consisting of narcotic drugs.

As a result of the facts which occurred on September 19, 1968, and which gave rise to the issuance of the warrant of arrest, complaints for violations of the Narcotics Act were filed against the aforementioned Miriam Rivera Vázquez before the Superior Court, San Juan Part, under numbers, G-69-295, 296, and 297.

As a result of the events which took place on January 15, 1969, when the warrant of arrest was executed, a complaint under the numbers G-69-298 and 299 was filed against the defendant before the same Part of the Superior Court, charging her with two counts for violations of the Narcotics Act, other complaints for the same acts having been filed also against the defendant's husband.

After several procedural incidents, among them a petition to reduce the bail bond, a psychiatric examination in order to determine whether the defendant was mentally fit to stand trial and the postponements of the hearing of the cases, all were set for May 21, 1969. On that date defendant's counsel requested the transfer of the complaints filed under numbers G-69-295, 296, and 297, to the court having authority on matters concerning children because at the time when the facts charged in said complaints took place—September 19, 1968—the defendant was under 18 years of age. That fact having been established through the birth certificate of the defendant who was born on November 17, 1950, and it having been accepted by the prosecuting attorney that the court for matters concerning children had not waived its jurisdiction up to that moment, the transfer of said cases to the aforementioned court was ordered.

As to the cases G-69-298 and 299 for the acts of January 15, 1969, when the defendant was already over 18 years of age, the defense requested, and was granted, the postponement of the trial it having been set again for July 16, 1969, date when it was also postponed in order to give the defense an opportunity to file in writing a question of law.

Subsequently the defendant presented a motion requesting the suppression of the evidence seized on January 15, 1969, on the grounds that the same was the product of an unlawful search, incidental to an unlawful arrest since the warrant of arrest issued by a magistrate of the Court of Investigations against a minor was void. In order to support the nullity of

the warrant of arrest, she alleged, in synthesis, that the magistrate who issued the warrant of arrest acted without jurisdiction, because he was not a judge of the Superior Court, Juvenile Section; that said magistrate was barred from issuing the aforesaid warrant of arrest since the Minors Act grants exclusive jurisdiction to the Superior Court, Matters Concerning Minors; that only a magistrate of this court is legally empowered to order the arrest of a minor and that pursuant to the provisions of the Minors Act the defendant was a "child" when she committed the violations in September 1968, despite the fact that the warrant of arrest was issued and executed when she had already attained the age of 18 years.

The prosecuting attorney objected and after said motion was discussed, the trial court issued an order on September 9, 1969, granting the motion and ordering the suppression of the evidence requested by the defendant.

We issued a writ of certiorari in order to review said order.

The aforementioned order determines, in synthesis, 1) that the defendant was not lawfully arrested since the act does not authorize the arrest of minors, 2) that the defendant was not subject to the jurisdiction of ordinary courts, nor could she be the object of a criminal prosecution such as an arrest, and 3) that the defendant could not be the object of the determination of probable cause for her arrest for the commission not of a crime but of a fault.

■ The judicial proceedings in regard to minors are governed by the provisions of Act No. 97 of June 23, 1955, as amended, and by the Rules of Procedure for cases involving minors adopted by this Court in accordance with the power granted to it by the same Act No. 97, said rules being effective since July 30, 1959.

■ The minors who incur a violation or attempted violation of any Commonwealth law or municipal ordinance

do not commit a crime but a fault[1] and the proceeding brought against them before the Minors' Court is not of a criminal nature.[2] Any minor who violates or who has attempted to violate any Commonwealth law or municipal ordinance may be detained. Section 7 of the Act; Rule 3 of the Rules of Procedure of the Supreme Court for cases involving minors.

■■ Now then, once a minor is detained, and the fact of his minority is known, at that moment, the procedure to be followed is the one set forth in the aforementioned Rules of Procedure of this Court and not the one established in the Rules of Criminal Procedure for the detention and arrest of adults. The procedure established for the determination of probable cause for an arrest by a magistrate is not applicable to minors.

So that when a public peace officer or any other officer intervenes with an 18-year-old minor who has violated or attempted to violate a Commonwealth law or a municipal ordinance and knows about the minority of the offender, the proceedings to be followed should conform to the provisions of Act No. 97 and to the Rules of Procedure for cases involving minors adopted by the Supreme Court of Puerto Rico. But it may happen, as shown by the facts in the instant case, that the offender's physical appearance, his conduct or other circumstances could indicate that he is an adult and that as such he is prosecuted. If at any stage of these proceedings it is established that the person prosecuted was a "child" at the time of the alleged commission of the criminal acts, the case should be transferred to the Minors' Court where the proceedings set forth in Act No. 97 and in the Rules of Procedure adopted by the Supreme Court for cases involving

---

[1] *Muñoz Sullivan* v. *Delgado, Warden*, 90 P.R.R. 615 (1964); *People* v. *López Rivera*, 94 P.R.R. 553 (1967).

[2] *People* v. *Montalvo*, 83 P.R.R. 700 (1961); *Commonwealth in Interest of R.M.R.*, 83 P.R.R. 235 (1961).

minors shall be brought against him. It was thus done with cases numbers G-69-295, 296, and 297 when after several continuances of the trial it was established before the Superior Court, San Juan Part, that at the time of the commission of the criminal acts charged in said cases, the defendant was over 17 years of age but under 18 years of age, and therefore, she was at that time a "child" pursuant to the provisions of the aforesaid Act No. 97.[3]

■ But we cannot agree with the defendant, that the ordinary proceedings applicable to adults brought against her when the fact of her minority was not known, are therefore void, so that the warrant for her arrest and the search carried out as a result of said warrant, when she was already over 18 years of age, are void, and consequently the criminal material seized on that occasion is inadmissible in evidence.

We are not impressed with the argument to the effect that the judge who issued the warrant of arrest against the defendant did not have any authority therefor because they were dealing with a "child" who by the provisions of the Minors Act does not commit a crime but a fault. In the first place, the fact that the defendant was a child was unknown to the peace officer who swore to the complaint and to the magistrate who determined probable cause for her arrest, and in the second place, an arrest may be lawful even though it is determined subsequently that the person arrested did not commit the offense. *Cf. Cepero Rivera* v. *Superior Court*, 93 P.R.R. 241–245 (1966).

A person over 16 years and under 18 years of age, who is charged with a violation of a Commonwealth law may be prosecuted as an adult if the Minors' Court waives its jurisdiction. 34 L.P.R.A. § 2004. Under these circumstances, which are not present in the instant case, the argument about

---

[3] In regard to this question under the Minors Act of 1915, see *People* v. *Luciano*, 77 P.R.R. 564 (1954).

the nullity of the proceedings followed against her as an adult would be greatly weakened. But the decision on the lawfulness or unlawfulness of the proceedings should not rely on the subsequent decision of the Minors' Court to waive its jurisdiction. The most adequate view concerning the legality of the proceedings should be whether upon issuing the warrant of arrest in accordance to the provisions of the Rules of Criminal Procedure, the authorities concerned were aware of the minority of the person against whom the order was issued. We have already said that in the instant case they were not aware of it.

On the foregoing considerations we deem that the trial court erred in issuing its order, ordering the suppression of the evidence seized from defendant upon her arrest, and consequently said order should be reversed and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate in the decision of this case.